# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFERY COONJOHN & HEIDI LOPEZ-COONJOHN, Husband and Wife<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware corporation, DEUTSCHE BANK NATIONAL TRUST CO as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2, a foreign Trust.<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. § § 1331, 1441, 1332]**<br><br>[Removal from Superior Court of Washington in and for King County, Case No. 13-2-413451-1 SEA] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 and Ocwen Loan Servicing, LLC (collectively "Defendants") hereby remove the above-captioned action to this Court. The grounds for removal are as follows:

---

Notice of Removal - 1

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

**GENERAL BACKGROUND**

1. Plaintiffs' Complaint was filed in the Superior Court of the State of Washington in and for King County on December 10, 2013, entitled *Jeffery Coohnjohn & Heidi Lopez-Coonjohn v. Ocwen Loan Servicing, LLC* Case No. 13-2-41345-1 SEA. The original complaint named Ocwen Loan Servicing, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 as Defendants (True and correct copies of the Summons and Complaint are collectively attached hereto as **Exhibit "A"**).

2. Plaintiffs' lawsuit arises from a dispute regarding a loan secured by the property located at 17259 13th Avenue NE, Shoreline, King County, Washington.

3. The instant removal is timely. This removal satisfies the requirements of 28 U.S.C. § 1446(b) because it is being filed within 30 days of Defendants receipt of the complaint.

4. No previous request has been made for the relief requested.

5. The Superior Court of Washington in and for the County of King is located within the Western District of Washington. (See 28 U.S.C. § 128(b)). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." (28 U.S.C. § 1441(a).)

6. A true and correct copy of the State Action docket is attached hereto as **Exhibit "B"**. The pleadings that have been filed in the State Action to date are the Complaint, case information coversheet, summons and affidavit of service.

7. This Notice of Removal is brought on behalf of Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

1 | INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 and Ocwen Loan Servicing, LLC.

8. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 *U.S.C.* §1441(a) and (b). The Complaint presents federal question as conferred by 28 *U.S.C.* § 1331. Supplemental jurisdiction exists with respect to other claims not subject to removal pursuant to 28 *U.S.C.* §§ 1367 and 1441(c). This action is also removable on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**FEDERAL QUESTION**

9. Plaintiffs' Complaint is entitled, "Amended Complaint for Reformation of Contract, Declaratory Relief and Damages" but Plaintiffs claim is premised upon alleged violations of the Servicemembers' Civil Relief Act. (Compl., Paragraphs 4.2-4.3). Plaintiffs allege that Defendants violated the Servicemembers Civil Relief Act 50 U.S.C. App. § 527 by charging an interest rate in excess of 6% and charging penalties for late payments. (*See* Compl., Paragraph 3.6). Plaintiffs seek to have the excess interest charged forgiven from the loan and general and special damages. (See Compl., Page 6).

As such, Plaintiffs' claims turn on the application of federal law and this Court has jurisdiction. (See *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199 (1921) (stating, "as a general rule, when it appears from the bill or statement of plaintiff that the right to relief depends on the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, but rests upon a reasonable foundation, the District Court has jurisdiction under Judicial Code, § 24, 28 U.S.C.A. § 41, giving jurisdiction of causes of action arising under the Constitution or laws of the United States.").

---

Notice of Removal - 3

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

## THE FEDERAL DISTRICT COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' NON-FEDERAL CLAIMS

10. In the event that this Court invokes its federal question jurisdiction, this Court also has supplemental jurisdiction over Plaintiffs' state law claims. Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 USC § 1367(a). Plaintiffs' state and federal claims are part of the same case or controversy because all claims "arise from a common nucleus of operative facts" such that "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of America v. Gibbs* 383 US 715, 726 (1966). All of the claims alleged in Plaintiffs' Amended Complaint relate to alleged wrongful foreclosure of Plaintiffs' loan. Therefore, all of the allegations in the Complaint relate to the same case or controversy because they arise from a common nucleus of operative facts relating to the alleged wrongful foreclosure of Plaintiffs' loan.

## FEDERAL COURT SUBJECT MATTER JURISDICTION IS ALSO PROPER BASED ON DIVERSITY JURISDICTION

11. This action is removed to the instant Court pursuant to the existence of diversity jurisdiction between the parties. Diversity jurisdiction exists because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. 28 U.S.C. § 1332.

12. Plaintiffs allege in their Complaint that they are residents of King County, Washington. To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state. [*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); see also *Kanter v. Warner-*

Notice of Removal - 4

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).] Therefore, Plaintiffs are citizens of Washington.

13. Defendant Ocwen Loan Servicing, LLC is a Delaware limited liability company with its principal place of business in West Palm Beach, Florida. Citizenship of a limited liability company is determined by citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the present time and at the time of commencement of this action, Defendant Ocwen Loan Servicing, LLC is a wholly-owned subsidiary of Ocwen Financial Corporation and therefore takes the citizenship of its only member, Ocwen Financial Corporation, which is incorporated in the State of Florida with its principal place of business in Atlanta, Georgia. A copy of a printout from the official website for the Florida Division of Corporations is attached hereto as **Exhibit "C**."

14. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 is a national banking association serving in the capacity as trustee for registered holders of loans. A national bank's citizenship is the state designated in its articles of incorporation as the locus of its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank National Trust Company is a national bank chartered and regulated by the Office of Comptroller of the Currency. Deutsche Bank National Trust Company is listed on the Office of the Comptroller of the Currency's website both as a "national bank" and a "national trust bank" (denoting the trust powers granted to it by the Comptroller of the Currency pursuant to 12 U.S.C. § 92a). The website indicates that Deutsche Bank National Trust Company is located in Los Angeles, California. A true and correct copy of the Comptroller of Currency printout for Deutsche Bank National Trust Company is attached as **Exhibit "D."** Thus, Deutsche Bank National Trust Company is a citizen of the State of California.

---

Notice of Removal - 5

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

## **PLAINTIFFS' REQUESTS FOR RELIEF THAT ARE THE SUBJECT OF THIS LITIGATION ARE GREATER THAN THE FEDERAL DIVERSITY MINIMUM**

15. $75,000.00 is the threshold amount associated with diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

16. The Complaint seeks the forgiveness of $200,000 of interest and penalties. (*See* Complaint, ¶4.3 and 4.4).

17. The amount in controversy exceeds the $75,000.00 threshold which governs this inquiry.

## **INTRADISTRICT ASSIGNMENT**

This case is being removed to the Seattle Division of the Western District of Washington because the real property which is the subject of Plaintiffs' claim is located in King County. Pursuant to Local Rule 3(d), the Seattle Division of the Western District of Washington is appropriate for claims arising in King County, Washington.

## **NOTICE**

18. Concurrently with the filing of this Notice, Defendants will file a copy of this Notice of Removal with the Superior Court of Washington, for the County of King.

## **CONCLUSION**

19. In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. Sections 1441 & 1332.

20. By this notice of removal, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections they may have to this action. Defendants intend to convey no admission of the Complaint, law, or liability by virtue of this notice, and they expressly reserve all defenses, motions and/or pleas.

21. Defendants request that the State Court Action be removed to this Court, that all

Notice of Removal - 6

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

1 | further proceedings in the state court be stayed, and that Defendants receive all additional relief
2 | to which they are entitled.

DATED: December 30, 2014                         HOUSER & ALLISON, APC

/s/ Cara Christensen
Cara Christensen
Attorneys for Defendants,
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 and Ocwen Loan Servicing, LLC

Notice of Removal  - 7

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839

# DECLARATION OF SERVICE

The undersigned declares as follows:

On December 30, 2013, I served the foregoing document on the following individuals in the manner indicated:

| | |
|---|---|
| Brent Nourse | VIA ECF |
| James M. Waldon | VIA ECF |
| Paramount Law Group, PLLC | |
| 1000 2nd Ave. Suite 3000 | |
| Seattle, WA 98104 | |
| Attorneys for Plaintiffs | |

                                          */s/ Annicca Jones*
                                          Annicca Jones

---

Notice of Removal - 8

ROBERT W. NORMAN, JR., WSBA No. 37094
CARA CHRISTENSEN, WSBA NO. 43198
Houser & Allison, APC
800 5th Avenue, Suite 4100
Seattle, WA 98104
PH: (206) 596-7838
FAX: (206) 596-7839